01-15-0739-CR
01-15-0740-CR

Rec'd
FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

AUG 31 2015

CHRISTOPHER A. PRINE
CLERK

Date: August 26, 2015

William Hayward Freeman, Sr.
TDCJ-CID No 1878813
Allen B. Polunsky Unit
3812 F.M. 350 South
Livingston, Texas 77351

MAILED

Re: CAUSE NOS: 1322259 & 1322260
Styled In Re: William Hayward Freeman, Sr.

Clerk for the Court of Appeals
301 Fannin St. Suite 245,
Houston, Texas 77002

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 31 2015

CHRISTOPHER A. PRINE
CLERK

Dear Mr. Christopher A. Prine,

Please find enclosed, the original and one copy of the relator petition for writ of Mandamus. please file it with the Court. A copy of this petition has been send to the First Court of Appeal via this letter. Thank you for your kind help and assistance in this matter

Sincerely,
William Hayward Freeman, Sr.

CC: Abel Acosta,

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 31 2015

CHRISTOPHER A. PRINE
CLERK

CAUSE NO. 1322259
1322260

EXPARTE                              IN THE FIRST DISTRICT

                                     COURT OF APPEALS

WILLIAM HAYWARD FREEMAN, SR.

RELATOR FREEMAN'S NOTICE OF MANDAMUS

1. Pursuant to Tex. R. Civ. Proc. Rule 694 Relator Freeman files this Notice of mandamus with the 182nd District Court, Deputy Court Reporter respondent Wiltshire Roxanne.

2. Relator Freeman is also filing a writ of mandamus with the First Court of Appeals.

3. The Mandamus is filed in reference to the respondant's failure to provide the Relator with a adequate copy of the trial records and trial transcripts with the Honorable Judge Jay W. Burnett presiding. This request is cause of much delay in filing my appeal, because I need ALL of the records to properly file an effective appeal. That was promised to me by the presiding judge Orders.

4. My appeal attorney fail to give me all of my records, which she was ineffective for not carring out the presiding judge orders, For me to recieve all my court records and Transcripts for free of charge.

5. An appellant who is unable to pay for the appellate records made, by motion to ask the

(1)

Harris County, District Clerk, Chris Daniels to have the appellate record furnished without Charge. See whitehead v. state, 130 S.W. 3d 866, 873-74 (Tex. Crim. App. 2004)

6. I have file a motion to the Harris County District Clerk, Chris Daniels, executed on the 13th day of July 2015, and it was returned VOID ON July 17th 2015, at 12:34 P.M. stating that In accordance with section 552.028 Goverment Code, Request for information from Incarcerated individual,

   (A) A governmental body is not required to except or comply with a request for information from:

   (I) An individual who is imprisoned or Confined in a correctional facility.

7. C.C.P. Art 26.04 (P) A defendant who is determined by the court to be indigent is presumed to remain Indigent for the remainder of the proceedings in the case.

William Hayward Freeman, Sr. Pro /se

William Hayward Freeman, Sr. Pro /se
TDCJ-CID NO: 1878813
3872 F.M. 350 South
Livingston, Texas 77351

(2)

CAUSE NOS: 1322259;
1322260

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 31 2015

CHRISTOPHER A. PRINE

CLERK

# IN THE

# 1st COURT OF APPEALS

# at HOUSTON

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

From the 182nd District Court of

Harris County, Texas

# PETITION FOR WRIT OF MANDAMUS

William Hayward Freeman, Sr.
TDCJ-CID No: 1878813/Pro Se
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

(1)

# TABLE OF CONTENTS

Number pages

IDENTITY OF PARTIES & COUNSEL _____ 3

INDEX OF AUTHORITIES _____ 4

STATEMENT OF THE CASE _____ 6

STATEMENT OF JURISDICTION _____ 5

ISSUES PRESENTED _____ 7

STATEMENT OF FACTS _____ 7

ARGUMENT _____ 8

Issue 1: The trial courts recorder has failed to provide the relator with copies of the trial transcript, where the Honorable Judge Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas _____ 8

Issue 2: The Respondent refuses to perform ministerial duties by providing the Relator with the exhibits of record _____ 8,9,10

PRAYER _____ 10

CERTIFICATE OF SERVICE _____ 11

CAUSE NOS: 1322259 & 1321260

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

## IDENTITY OF PARTIES & COUNSEL

Relator Certifies that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this petition:

Relator Freeman, Sr. is a pro/se litigant and is not represented by counsel in the proceeding, No attorney has been disignated or mentioned on the behalf of the respondant, the party of interest is the State of Texas.

(3)

# INDEX OF AUTHORITIES

## CASES

Page Number

Holloway v. Fifth court of Appeals
767 S.W. 2d 680, 684 (Tex. 1989) _____ 8

In Re: Coronado 980 S.W. 2d 691, 692 (Tex. App.- San
Antonio 1998 orig. proceeding) _____ 9

In Re: Jebbio 26 S.W. 3d 753, 756 (Tex. App.- Houston
[14th Dist.] 2000) _____ 8

In Re: Washington 7 S.W. 3d at 182 (Tex. App.- Houston
[1st. Dist.] 1999 _____ 8,9

Okere v. Apex Financial Corp 930 S.W. 2d 146, 152
(Tex. App - Dallas 1990) _____ 9

## RULES

Tex. R App. Pro 50 (d) _____ 9

## STATUTES

Tex. Gov't Code Ann Section 22.221 (a) _____ 5,8

Tex Gov't Code Ann Section 22.221 (b) _____ 8

Tex. Penal Code Section 37.10 (a)(3)(d)
Vernon 1999 _____ 10

## CONSTITUTION

Tex. Const. Art. 5 §6 _____ 5
Summit Savings Ass'n v. Garcia 787 S.W. 2d 106, 107
(Tex. App - San Antonio 1987 _____ 9

CAUSE NOS: 1322259; 1322260

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

## RELATOR'S PETITION FOR WRIT OF MANDAMUS

Relator Freeman, submits this petition for writ of mandamus complaining of the denial of particular porting of my trial records as it pertains to his innocence, and his rights to a complete Copy of his trial records, and all exhibits. filed in those proceedings. Namely the relators complains of the denial of the ALL the transcripts of all his trial appearance. For Charity, relator is referred to as Freeman; respondant Wiltshire Roxanne is referred to by name; and the real party in interest is referred to as the State of Texas

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus Tex, Const. art. 5, § 6; Tex, Govt Code § 22,221 (a)

# STATEMENT OF THE CASE

The underlying proceeding, Freeman has appealed his conviction and in process purchased his trial records for future appellate reasoning, once he recieved his copies of the records.

The respondant is Wiltshire Roxanne, and is the trial courts, court reporter, where the Honorable Judge Jay "Burnett is the presiding judge of the 182nd District Court of Harris County, Texas. However the relator purchased copies of his trial records for August 12th thur 15th, 2013, in which the Honorable James Anderson, presiding judge of the 182nd District Court of Harris County, of the 182nd District Court of Harris County, Texas. The respondant has denied, and continue to deny the relator of those transcripts for my earlier trial court with the Honorable Judge Jay W. Burnett presiding.

(6)

# ISSUES PRESENTED

Issue 1: The trial Courts recorder has failed to provide the relator with copies of the trial transcript where the Honorable Judge Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas.

## STATEMENT OF THE FACTS

Relator Freeman was charged and convicted in one sexual assault case, and sentenced to seventy-five years in prison. Relator timely appealed and these are currently pending in the 1st court of appeals at Houston. On the day relator Freeman purchased the copies of his trial records in the event that his direct appeal proves to be unsuccessful, however upon receipt of the trial records, the relator observed that certain parts of the trial records were missing from the trial records, and therefore wrote back to the respondant and inquired about the missing parts, from the trial records namely the trial transcript from the eariler trial on the same case given by the Honorable judge Jay W. Burnett.

## ARGUMENTS

Issue 1: The trial courts recorder has failed to provide the relator with copies of the trial Transcript where the Honorable Judge, Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas

(7)

In determining whether the writ should be issue we must futher determine whether the party has an adquate remedy by appeal. I'd mandamus is intended to be an extraordinary remedy only available in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." Holloway V. fifth court of appeals 767 S.W. 2d, 680, 684. (Tex. 1989) In Re Jebbio 26 S.W. 3d 753, 756 (Tex. App.—Houston [14th Dist.] 2000)

Relator Freeman's case is currently on appeal in this court, however the relator purchased his trial records, and the court clerk has refused to forward the copies of trial records where the Honorable Judge Jay W. Burnett was presiding. The relator do not have a adequate remedy of law because this is not a matter in which it can be appealed to this court. Thus the relator asks this Court to grant his merit of mandamus, granting him the relief he seeks.

We have jurisdiction to issue writs of mandamus against a district court judge or county court judge in our district and we may issue all writs necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22,221 (a) Vernon 1988); 22.221(b) (Vernon Supp. 1999) See In Re Washington 7 S.W. 3d 182 (Tex. App-Houston [1st Dist.] 1999)

We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction. See IN Re Coronado 980 S.W. 2d 691, 692 (Tex. App - San Antonio 1998, Orig. proceeding); Summit Savings Ass'n v. Garcia 727 S.W. 2d 106, 107 (Tex. App. - San Antonio 1987, Orig. proceeding) Id at IN Re Washington 7 S.W 3d at 182.

This Court has the jurisdiction to issue a writ against the respondant because of the ministrial act involved and the fact that he has an appeal pending in this court at this time. Consequently this Court should issue the mandamus against the trial Court although the mandamus is filed against the trial Court never the less the respondant is under the control and authority of the trial court and by Virture of its authority do the respondant act or fail to act, but it is the respondant that has Control of the documents that the Relator seeks.

An appellate records integrity is crucial for proper appellate review, which is the right an appellant involves when he pursues an appeal.

An appellate's right to appellate review is accompanied by the duty to provide an accurate record sufficient for the appellate court to perform its function to determine the correctness of the lower court's judgement. Okere v Apex Financial Corp. 930 S.W. 2d 146, 152 (Tex. App - Dallas 1996).

The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal, Tex. R. App. Pro. 50 (d).

(9)

Tampering with governmental records under Certificate or seal is a third degree felony. See Tex. Penal Code § 37.10 (a)(3)(d) Vernon 1999). Id at Okere 930 S.W. 2d at 152.

Essentially the respondant has committed a felony offense by omitting parts of the Relators records, and also acted with purpose and intent to cause the relator harm by denying him the items he seeks. The relator has repeatedly complained about his records from the trial held by the Honorable Judge Jay W. Burnett In the 182nd District Court, Harris County, Texas. Relator Freeman is innocent of the crime he was convicted of, but if the respondant and the trial court with hold valuable records how can he then file an effective appeals brief proving his innocence?

## PRAYER

For these reasons relator asks that this court to grant this writ of mandamus directing the respondant Wiltshire Roxanne to produce the trial records of the courts in the interest of justice and fair play.

William Hayward Freeman, Sr/prose
William Hayward Freeman, Sr/prose
TDCJ.-CID No: 1878813
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

(10)

# CERTIFICATE OF SERVICE

I Certify that a copy of the "Relators notice of Mandamus" was served on the Respondent Wiltshire Roxanne by forwarding a copy to the 1st Court of appeal clerk, Christopher A. Prine at 301 Fannin st. Suite 245, Houston, Texas 77002, and by placing it in the U.S. mail box at the Allen B. polunsky Unit, 3872 F.M. 350, Livingston, Texas, 77351, and on this the 26th day of August, 2015

William Hayward Freeman, Sr.

William Hayward Freeman, Sr.
TDCJ No: 1818813 / Pro Se

(11)